GOODFELLOW et al. v. SHANNON et al., Appellants.

Division One, June 19, 1906.

1. **WILL CONTEST: Incapacity: Substantial Evidence.** A suit to contest a will is an action at law, and where there is substantial evidence that the testatrix, at the time of the execution of the will, had a high fever, was in a comatose or semi-comatose condition and not of a disposing mind and memory, and equally strong evidence to the contrary, this court will not interfere with the verdict finding she was incapacitated to make a will.

2. ———: ———: ———: **Undue Influence: Submission to Jury.** Where there was not sufficient evidence to submit the issue of undue influence to the jury, but ample evidence to submit the issue of incapacity, and the jury found for the proponents on the former and against them on the latter, they cannot complain that the court submitted either issue to the jury.

3. ———: **Burden: Prima-facie Case.** The burden is on the proponents of the will to show proper execution and attestation, and that testate was of sound mind. This burden remains throughout the case. This rule is not weakened by the one of practice to the effect that proponents make out a prima-facie case by showing due execution and attestation and the sanity of the testate and then requires contestants to put in their case.

4. ———: **Sound Mind: Fatal Illness.** The instruction told the jury that if they found from the evidence that testatrix, at the time of the execution of the writing offered in evidence as her last will, was "so completely prostrated in body and mind by the wasting effects of fatal illness as to be unable to understand the business in which she was engaged, then the jury are instructed to find that she was not of sound and disposing mind." *Held,* that this instruction was not erroneous.

Appeal from St. Francois Circuit Court.—*Hon. Robert A. Anthony,* Judge.

AFFIRMED.

*Smith & Marbury* for appellants.

(1) Every will shall be in writing, signed by the testatrix, or by some person, by her direction, in her presence; and shall be attested by two or more competent witnesses subscribing their names to the will in the presence of the testatrix. Sec. 4604, R. S. 1899; Hughes v. Rader, 183 Mo. 630. The question for the jury was simply one of fact. Did the two witnesses sign the paper in the presence of the testatrix and at her request? One of the witnesses testified positively that both of them did so. Craig v. Craig, 156 Mo. 359; Lorts v. Wash, 175 Mo. 487. It is not absolutely necessary to introduce all the witnesses attesting the execution of the will. Lorts v. Wash, 175 Mo. 487. (2) The proponents of the will must make out a prima-facie case; and this was done by proof of the execution of the will, that testatrix was of requisite age, and that she was of sound and disposing mind and memory; it then devolved upon the contestants to establish some grounds which will avoid the will. Lorts v. Wash, 175 Mo. 487. (3) However unjust testatrix may have been to any one or more of her children, if she was competent to make a will, she had the right to dispose of her property as she pleased; and it is unsafe for courts and juries to look to the will's equities, lest they fall into greater mischief of making wills for other people. Catholic University v. O'Brien, 181 Mo. 68; Jackson v. Hardin, 83 Mo. 175; Hughes v. Rader, 183 Mo. 630. (4) The law does not require any particular degree of understanding or capacity to justify the making of a will. The test of capacity to make a will is that the testatrix be capable of comprehending all of her property and all persons who reasonably come within the range of her bounty, and have sufficient intelligence to

comprehend her ordinary business, and to know what disposition she is making of her property. Hughes v. Rader, 183 Mo. 630; Catholic University v. O'Brien, 181 Mo. 68; Riggin v. College, 160 Mo. 570; Sehr v. Lindemann, 153 Mo. 276; Wood v. Carpenter, 166 Mo. 465; Crowson v. Crowson, 172 Mo. 691; Southworth v. Southworth, 173 Mo. 59; Riley v. Sherwood, 144 Mo. 354; Berberet v. Berberet, 131 Mo. 399; Defoe v. Defoe, 144 Mo. 458; McFadin v. Catron, 138 Mo. 197; Fulbright v. Perry Co., 145 Mo. 432; Aylward v. Briggs, 145 Mo. 604; Hamon v. Hamon, 180 Mo. 685. (5) It is not competent for a witness to give his opinion as to whether or not the testatrix had mental capacity to make a will. That is the question for the jury to determine. Hamon v. Hamon, 180 Mo. 685; Crowson v. Crowson, 172 Mo. 691; Hughes v. Rader, 183 Mo. 630. (6) It was error to instruct the jury (instruction 13), that if they found that testatrix was at the time of the execution of the will so completely prostrated in body and mind by the wasting effects of fatal illness as to be unable to understand the business in which she was then engaged, the jury should find that she was not of sound and disposing mind. McFadin v. Catron, 138 Mo. 197; Couch v. Gentry, 113 Mo. 248; Von de Veld v. Judy, 143 Mo. 348; Hughes v. Rader, 183 Mo. 630; Jackson v. Hardin, 83 Mo. 175. It was error to instruct the jury (No. 11), that the burden of proof is upon the defendants to show that the writing offered was executed by testatrix, and that at the time of said execution she was of sound and disposing mind and memory. By this instruction, the court placed upon defendants the burden of showing testamentary capacity by the preponderance of testimony, in addition to establishing their prima-facie case. Hughes v. Rader, 183 Mo. 630; Hamon v. Hamon, 180 Mo. 685; Carl v. Gabel, 120 Mo. 283; McFadin v. Catron, 138 Mo. 197; Fulbright v. Perry Co., 145 Mo. 432; Sehr v.

197 Sup.—18

Lindemann, 153 Mo. 276; Jackson v. Hardin, 83 Mo. 175.

*Edward A. Rozier* for respondents.

(1) The contest of a will is an action at law, triable by a jury; hence, the verdict of the jury must be sustained, if supported by any substantial evidence. Young v. Ridenaugh, 67 Mo. 589; Letton v. Graves, 26 Mo. 250; Bush v. Bush, 87 Mo. 486; Muller v. St. Louis Hospital, 5 Mo. App. 397; Muller v. St. Louis Hospital, 73 Mo. 242; Garland v. Smith, 127 Mo. 579; Harris v. Hays, 53 Mo. 90; Farmer v. Farmer, 129 Mo. 539; Stowe v. Stowe, 140 Mo. 603; Moore v. McNulty, 164 Mo. 119; Roberts v. Bartlett, 190 Mo. 680; Sayre v. Princeton University, 192 Mo. 95; Hans v. Holler, 165 Mo. 47; Schaff v. Peters, 111 Mo. App. 459. (2) Appellate tribunals will not weigh the evidence in actions at law. Authorities, supra. (5) Appellate tribunals defer to the special opportunities of the trial judge, where there is any substantial evidence to support a verdict. Eidmuller v. Kump, 61 Mo. 344; State v. Jacobs, 152 Mo. 565. (4) An approved doctrine of testamentary capacity is "that the testator must have had sufficient understanding to comprehend the nature of the transaction that he was engaged in, the nature and extent of his property, and to whom he desired to give it, and was giving it, without the aid of any other person." Sayre v. Princeton University, 192 Mo. 95; Crossan v. Crossan, 169 Mo. 641; Brinkman v. Rueggesick, 71 Mo. 553; Couch v. Gentry, 113 Mo. 248. (5) The authorities cited by appellants under point five as to "opinion testimony" announce the opposite rule from that stated by appellants; and an examination of the questions propounded by respondents will show that they follow the usual and approved method. Hamon v. Hamon, 189 Mo. 685; Crowson v. Crowson, 172 Mo. 691;

Hughes v. Rader, 183 Mo. 630.    (6) Instruction 11 is the law and has been followed in many cases; and the cases cited by appellant also expressly so declare. Carl v. Gabel, 120 Mo. 295; Fulbright v. Perry Co., 145 Mo. 432; Sehr v. Lindemann, 153 Mo. 276; Harris v. Hays, 53 Mo. 90; Benoist v. Murrin, 58 Mo. 322; Norton v. Paxton, 110 Mo. 462; Lorts v. Wash, 175 Mo. 496; Craig v. Craig, 156 Mo. 362; Cravens v. Faulconer, 28 Mo. 21; Maddox v. Maddox, 114 Mo. 35; Gordon v. Burris, 141 Mo. 610; Tingeley v. Cowgill, 48 Mo. 294; Sayre v. Princeton University, 192 Mo. 95.    (7) Instruction 13 is also the law and announces what must be elementary under the statute and the decisions, that a person cannot make a will unless at the time of its execution the testatrix had sufficient life and understanding to know that she was executing a will. Aylward v. Briggs, 145 Mo. 611; Sayre v. Princeton University, 192 Mo. 95; Muller v. St. Louis Hospital, 5 Mo. App. 390; Appleby v. Brock, 76 Mo. 318.

GRAVES, J.—Action in circuit court of St. Francois county to contest will of Caroline Shannon, who died in St. Francois county, Missouri, on April 27, 1901.

The instrument had been duly probated.    The purported will was made on April 22, 1901, five days before death.    Plaintiffs and defendants are the children of deceased.    Deceased was 71 years of age at the time of making the will and was at the time suffering from pneumonia in both lungs and had been so suffering from the 14th day of April, the day upon which her aged husband died.    The alleged will in the second clause gave the homestead to defendant James H. Shannon upon condition that he (the said James) support and maintain an afflicted son Frank, and furnish a home to two daughters, Elizabeth and Mary J., and Mary J. was to assist in caring for the son Frank, and

the daughter Elizabeth. This seems to have been the bulk of the property disposed of by the instrument.

The will was attacked upon the grounds of undue influence and mental incapacity. After hearing the evidence, the question as to whether or not the paper writing was the will of Caroline Shannon was submitted to the jury upon both grounds. The jury by its verdict found against the defendants (proponents of the will) and for the plaintiffs (contestants), on the ground of mental incapacity alone, as is expressed in their verdict.

Upon the question of mental incapacity there is very substantial evidence both pro and con. The evidence as to undue influence was weighed by the jury and found wanting, and as plaintiffs have no complaints as to the verdict, this branch of the case is not for consideration here.

The evidence as to mental condition is, as above stated, quite strong upon both sides. For plaintiffs it showed that the testatrix was 71 years of age; that on the 14th day of April, previous to the making of this will on the 22nd, she had lost by death her aged husband, then 76 years old; that his death was continually upon her mind; that in caring for him, she, previously troubled with phthisic, asthma and rheumatism, contracted pneumonia in both lungs and was suffering from these troubles the day her husband was buried, April 17th; that on the day the will was executed she had a high fever, was in a semi-comatose condition and failed to recognize her children and other members of the family; that she could be aroused and would seemingly recognize parties, in a way, but would at once relapse into this semi-comatose condition; that at the time the will was written the scrivener said to her, after arousing her, "I understand that you want to make your homestead to your son, James, to take care of your son, Frank"? to which she responded, "Yes;" that previously she gave no directions to the scrivener ex-

cept in answer to similar questions to the one set out, and then only in the same manner; that she was at the time so weak in voice she could hardly be understood; that she was expected to pass away at almost any moment by her family physician and her relatives, two or more of whom were physicians and present; that at the time, in expectancy of immediate dissolution, the shroud had been prepared and was in waiting for the expected end; that she was in no mental condition to transact business or to understand the same. Such is an outline, in brief, of the plaintiffs' evidence. That of the defendants contradicts, in the main, this proof of the plaintiffs, and especially as to the condition of mind, and the immediate circumstances surrounding the writing of the will by the scrivener. Her age and the character of her sickness is not disputed. The fact that she had to be aroused is not disputed, but defendants show that when aroused her mind was clear and that she understood what she was doing and gave directions to the scrivener for the will. To repeat, there is substantial evidence upon both sides as to the mental condition, extended quotations of which will serve no good purpose here.

Exceptions were saved to the admission of certain evidence, and to the giving and refusal to give certain instructions, all of which will be noted in the course of the opinion.

I. It is urged that a peremptory instruction should have been given as was requested by the defendants upon the close of the whole case. As to the question of undue influence, this was no doubt right, but upon the question of mental capacity there was ample evidence upon which to submit that question to the jury, and the jury having found for defendants upon the other question, its submission to the jury was harmless, and defendants cannot complain.

A suit to contest a will is an action at law and where there is substantial, although conflicting evi-

dence upon a proposition, it should be submitted to the jury, and its finding will not be disturbed by this court. [Sayre v. Trus. Princeton University, 192 Mo. l. c. 120; Young v. Ridenbaugh, 67 Mo. 574; Schaff v. Peters, 111 Mo. App. l. c. 459; Fulbright v. Perry County, 145 Mo. l. c. 443.] In the latter case it was said: "If there was any substantial evidence that the testator was not of disposing mind and memory as hereinbefore defined at time of the execution of the will, then the case should have gone to the jury, but no such evidence was adduced."

II. Defendants criticise instruction numbered 11, which is in this language:

"The court instructs the jury that the burden of proof is upon the defendants to show that the writing offered, as the will of Caroline Shannon was executed by Caroline Shannon as and for her will, and that at the time of the execution thereof said Caroline Shannon was of sound and disposing mind and memory."

This instruction is proper. It simply places the *onus* upon defendants (the proponents of the will) to show proper execution and attestation, and that the testatrix was of sound mind. This burden has always been upon defendans in will contests. [Carl v. Gabel, 120 Mo. l. c. 295; Norton v. Paxton, 110 Mo. l. c. 462; Craig v. Craig, 156 Mo. l. c. 362; Maddox v. Maddox, 114 Mo. l. c. 46.]

In Norton v. Paxton, supra, where the very same question was up, it was said: "It is sufficient for those who claim under the will to make out a prima-facie case in the first instance. There is a presumption that every adult person is *compos mentis,* but the presumption is one of fact only. It may be that the production of a will, reasonable on its face, with proof of due execution and attestation, and that the testator was of full age, will make out a prima-facie case on the part of the proponents, thus giving full force to the presumption, though the usual course is to offer some evidence of

mental capacity. The parties claiming under the will having made out a prima-facie case, the contestants must bring forward their evidence. But it does not follow from all this that the burden of proof shifts. It remains with those claiming under the will."

In Craig v. Craig, supra, Judge VALLIANT says: "It is as essential that the testator be proven of sound mind at the time as that the instrument was executed in due form, yet this court has held that it is not essential that both subscribing witnesses testify to the soundness of mind in the testator."

It, therefore, appears that while our practice requires the making of a prima-facie case by the proponents of the will, by showing the due execution of the will and the sanity of the testator, and then requires contestants to put in their case, it does not shift the burden of proof as to mental capacity, but this burden remains throughout with the defendants, or proponents of the will.

III. Instruction numbered 13 given in behalf of the contestants is criticized. This instruction is as follows:

"The court further instructs the jury that if they find from the evidence that said Caroline Shannon was at the time of the execution of the writing offered in evidence as her last will, so completely prostrated in body and mind by the wasting effects of fatal illness as to be unable to understand the business in which she was then engaged, then the jury are instructed to find that she was not of sound and disposing mind, even though the jury may believe from the evidence that said Caroline Shannon previous to said illness was of sound and disposing mind."

This instruction, reduced down, simply declares, that if by disease the mind of the testator, at the making of the will, had been so prostrated that she did not understand the business in which she was then engaged (the making of a will), then the jury should conclude

that she was not, at the time, of sound and disposing mind, notwithstanding that she had previously been of sound and disposing mind.    We do not think this instruction error.   One of the first requisites of a sound and disposing mind is that it should be able to comprehend the business in hand.   The books and cases add other tests, but this is one of the tests and if the mind for any reason fails to pass this test, it is not a sound and disposing mind.   If the mind was not in condition to understand the business in hand, when undertaking to formulate a will, it would be useless to ask for other or further tests, as for instance the ability to comprehend the general nature and extent of the property and to whom it was being given, and the several other tests prescribed by the books.

That the test required by this instruction is the first test mentioned in the adjudicated cases and textbooks hardly requires citation of authority. [Schouler on Wills, sec. 68; Couch v. Gentry, 113 Mo. l. c. 255; Lorts v. Wash, 175 Mo. l. c. 502-503.]

In the latter case, instruction numbered 1, given for the plaintiffs, and approved by this court, covers the instruction here criticized by defendants.

IV.   Point is made that there were opinions expressed by the witnesses as to the capacity of the testatrix to make a will, but an examination of the record fails to disclose anything in violation of what was said by this court in Hamon v. Hamon, 180 Mo. 685; Crowson v. Crowson, 172 Mo. 691, and Hughes v. Rader, 183 Mo. 630, the cases relied upon by defendants.

V.   In one point of their brief defendants cite authorities as to the sufficiency of the testimony of the attesting witnesses.   The court admitted the will on the testimony and no complaint here is tenable. In point two authorities as to the sufficiency of the evidence for a prima-facie case are cited.   The trial court, with reluctance, however, held that a prima-facie case had been

made, and no error can come of this to the benefit of the defendants, these appellants. As a matter of fact no proof was made by defendants as to the sanity of the testatrix, in making the prima-facie case, and the court erred in their favor, if at all, in not then directing a verdict for plaintiffs as by the plaintiffs requested. In point three the right to dispose of her property as she pleased is urged by these representatives of the testatrix, but as no other or different theory was adopted by the trial court, this point needs no further notice. In point four is discussed the mental capacity required to make a will. The instructions given in addition to the two hereinabove discussed properly declared the law upon this question. Instruction numbered 5 for the defendants fully presents the true doctrine, and no instruction for the plaintiffs controverts it.

Upon the whole this case was fully and fairly tried, the verdict fairly sustained by the evidence, and the judgment herein is affirmed.

All concur.